IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, B-80852, ) | |
| ) | |
| Plaintiff(s), ) | No. C 16-0738 CRB (PR) |
| ) | |
| v. ) | ORDER OF SERVICE |
| ) | |
| SCOTT KERNAN, et al., ) | (ECF No. 4 & 7) |
| ) | |
| Defendant(s). ) | |
| ) | |

On February 12, 2016, while plaintiff was incarcerated at Salinas Valley State Prison (SVSP), he filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his federal rights while at Mule Creek State Prison (MCSP) and at the R. J. Donovan Correctional Facility (RJD) in 2015.

On February 19, 2016, plaintiff filed a motion for leave to file an amended complaint to add allegations of violations of his federal rights at SVSP too. Good cause appearing, plaintiff's motion (ECF No. 4) is GRANTED and the clerk is instructed to file plaintiff's proposed amended complaint (ECF No. 5-1) as the First Amended Complaint (FAC) in this case.

On February 26, 2016, plaintiff filed a notice of change of address informing the court that he had been transferred back to MCSP.

Currently before the court for screening and review are plaintiff's FAC and a recently-filed motion for a temporary restraining order (TRO).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In the operative FAC, plaintiff alleges that he was subjected to deliberate indifference to safety and to cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at MCSP and RJD in 2015, and at SVSP in 2016. Specifically, plaintiff alleges that prison officials at MCSP, RJD and SVSP were deliberately indifferent to his safety by failing to restrict other inmates from accessing unpublished court orders identifying plaintiff as having been convicted of a sexual crime and suffering from a sexual disorder, and subjected him to cruel and unusual punishment by housing him in their respective prison's administrative segregation unit (ASU) despite plaintiff's mental illness. Plaintiff names as defendants MCSP Warden J. Lizarraga, RJD Associate

Warden G. Stratton and Warden D. Paramo, and SVSP Warden B. Muniz, and generally alleges that they were aware of plaintiff's predicament and housing at their respective prisons. Plaintiff also names as a defendant California Department of Corrections and Rehabilitation (CDCR) Secretary S. Kernan, but sets forth no allegations connecting him to plaintiff's allegations of wrongdoing.

Liberally construed, plaintiff's allegations appear to state arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment against MCSP Warden J. Lizarraga for occurrences at MCSP, RJD Associate Warden G. Stratton and Warden D. Paramo for occurrences at RJD, and SVSP Warden B. Muniz for occurrences at SVSP. See, e.g., Farmer v. Brennan, 511 U.S. 825, 832 (1994) (8th Amendment requires prison officials to take reasonable measures to guarantee safety of prisoners).[1] But plaintiff cannot join all of these defendants and claims in a single suit.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment while he was at MCSP, RJD and SVSP do not satisfy Rule 20(a)(2)'s requirements. Plaintiff has not shown that all the named

---

[1] Plaintiff does not state even an arguably cognizable claim for damages under § 1983 against CDCR Secretary Kernan. See generally Lemire v. CDCR, 726 F.3d 1062, 1085 (9th Cir. 2013) (liability may be imposed on individual defendant under § 1983 only if defendant actually and proximately caused deprivation of federally protected right).

3

defendants at MCSP, RJD and SVSP participated in the same transaction, occurrence, or series of transactions or occurrences, <u>and</u> that a question of law or fact is common to all defendants. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 606-07 (7th Cir. 2007). Mere similarity in the types of problems plaintiff encountered at the three different prisons is not enough to satisfy Rule 20(a)(2) and bring in one suit claims with different factual backgrounds against different defendants. <u>See</u> <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350-51 (9th Cir. 1997).[2] This is so not only to prevent the sort of morass that this multiple-claim, multiple-defendant suit seeks "but also to ensure that prisoners pay the required filing fees – for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." <u>George</u>, 507 F.3d at 607 (citing 28 U.S.C. § 1915(g)).

Good cause therefor, the court will dismiss plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment while he was at MCSP and RJD (and corresponding defendants MCSP Warden J. Lizarraga, and RJD Associate Warden G. Stratton and Warden D. Paramo) without prejudice to bringing in separate actions in the Eastern and Southern Districts of California (in whose venue MCSP and RJD lie, respectively) and will maintain plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment at SVSP (which is located within the venue of this court) against SVSP Warden B. Muniz in this action.

Plaintiff's recently-filed motion for preliminary injunctive relief in the form of a TRO (ECF No. 7) is DISMISSED without prejudice to bringing in the

---

[2] Nor is plaintiff's mere naming of CDCR Secretary Kernan enough to satisfy Rule 18(a) because Kernan is not a viable defendant insofar as plaintiff's claims for damages are concerned.

4

Eastern District of California, where plaintiff is now incarcerated at MCSP. This action will be limited to plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment at SVSP against SVSP Warden B. Muniz.

**CONCLUSION**

For the foregoing reasons, plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendemnt at SVSP will be ordered served on SVSP Warden B. Muniz. The clerk accordingly shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on SVSP Warden R. Muniz. The clerk also shall serve a copy of this order on plaintiff.

As noted, this action will be limited to plaintiff's claims for damages under § 1983 for violations of the Eighth Amendment at SVSP against SVSP Warden B. Muniz. All other claims and defendants are dismissed without prejudice to bringing in separate suits.

In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand

v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due. All papers filed with the court shall be served promptly on plaintiff.

        b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary

7

judgment. <u>Woods</u>, 684 F.3d at 935.)

   d. Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

   e. The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  April 28, 2016

          CHARLES R. BREYER
          United States District Judge

G:\PRO-SE\CRB\CR.16\Hicks, M.16-0738.service.wpd