IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, B80852,<br><br>    Plaintiff(s),<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendant(s). | No. C 16-0738 CRB (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF FAILURE TO PROPERLY EXHAUST BEFORE FILING SUIT<br><br>(ECF No. 39) |

Currently before the court for decision is defendants' motion for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that plaintiff failed to properly exhaust available administrative remedies before filing suit, as required by the Prison Litigation Reform Act (PLRA). For the reasons that follow, the motion will be granted.

### STATEMENT OF THE CASE

On February 12, 2016, while plaintiff was incarcerated at Salinas Valley State Prison (SVSP), he filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his federal rights while he was incarcerated at Mule Creek State Prison (MCSP) and at the R. J. Donovan Correctional Facility (RJD) in 2015.

On February 19, 2016, plaintiff filed a motion for leave to file an amended complaint to add allegations of violations of his federal rights at SVSP too, and, on February 26, 2016, filed a notice of change of address informing the court that he had been transferred back to MCSP.

On April 29, 2016, the court granted the motion to file an amended complaint and screened the First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A. In the FAC, plaintiff alleged that prison officials at MCSP, RJD and SVSP were deliberately indifferent to his safety by failing to restrict other inmates from accessing unpublished court orders identifying him as having been convicted of a sexual crime and suffering from a sexual disorder, and subjected him to cruel and unusual punishment by housing him in their respective administrative segregation units (ASU) despite plaintiff's mental illness. The court dismissed without prejudice plaintiff's § 1983 claims for violations of the Eighth Amendment while he was housed at MCSP and RJD as improperly joined, but ordered the United States Marshal to serve in this action plaintiff's arguably cognizable claims for damages under § 1983 for violations of the Eighth Amendment at SVSP against SVSP Warden B. Muniz.

On May 17, 2016, Plaintiff filed a motion for leave to file a second amended complaint alleging, just as he did in the FAC, that he was subjected to deliberate indifference to his safety and to cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at SVSP in 2016, but naming new defendants SVSP Associate Warden R. Binkele, SVSP Correctional Administrator R. Parin, SVSP Correctional Counselor H. Aguilera and SVSP Appeals Coordinator V. Comeli, and voluntarily dismissing defendant SVSP Warden B. Muniz. (Plaintiff also omitted all allegations regarding occurrences/omissions at MCSP and RJD.)

On June 1, 2016, the court granted the motion to file a second amended complaint and instructed the clerk to file plaintiff's proposed Second Amended Complaint (SAC) as the operative complaint in this case. The court also screened the SAC and found that, liberally construed, it states arguably cognizable claims

for damages under § 1983 for violations of the Eighth Amendment at SVSP against SVSP Associate Warden R. Binkele, SVSP Correctional Administrator R. Parin, SVSP Correctional Counselor H. Aguilera, and SVSP Appeals Coordinator V. Comeli (later correctly identified as V. Lomeli), and ordered the United States Marshal to serve them (defendants).

On July 11, 2016, plaintiff filed a notice of change of address informing the court that he had been transferred to California State Prison, Sacramento.

On July 18, 2016, defendants filed a motion to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a plausible Eighth Amendment claim upon which relief may be granted. After plaintiff had an opportunity to respond and defendants to reply, the court granted the motion in part and denied it in part, concluding that this action would proceed only as to plaintiff's Eighth Amendment claim for damages that defendants "were deliberately indifferent to his safety when they approved his transfer to MCSP despite his protesting that he had numerous unlisted enemies there." Nov. 18, 2016 Order (ECF No. 35) at 10.

Defendants now move for summary judgment under Rule 56 on the ground that plaintiff failed to properly exhaust available administrative remedies as to his remaining claim because he did not exhaust before filing the SAC, as required by the PLRA. After being advised of what is required of him to oppose defendants' motion, plaintiff filed an opposition and defendants filed a reply.[1]

**STATEMENT OF THE FACTS**

On February 4, 2016, plaintiff appeared before SVSP's Institution Classification Committee (ICC). Plaintiff explained to the chairperson,

---

[1] Plaintiff recently filed a notice of change of address informing the court that he had been transferred to California State Prison, Corcoran.

3

Defendant SVSP Associate Warden R. Binkele, that the California Department of Corrections and Rehabilitation's (CDCR) "use of an unfiltered Lexis Nexis program on the inmate law computer had caused plaintiff's convictions and [sexually violent predator (SVP)] mental health . . . treatment to become common knowledge to Level IV EOP – SNY inmates." SAC (ECF No. 16) ¶ 14. Plaintiff "asked to be referred to the Department Review Board as 'difficult to place.'" Id.

Binkele asked Defendant SVSP Correctional Counselor H. Aguilera "what prisons were open to plaintiff." Id. ¶ 15. Aguilera stated that MCSP was the only Level IV EOP – SNY [prison] in which plaintiff had no documented enemy." Id. Plaintiff claims he explained that MCSP was "where the problem first came to light in May 2015" and that he had been transferred to three different prisons during the past eight months without resolution. Id. Binkele examined plaintiff's file and referred him for transfer to MCSP. Plaintiff claims he again protested that he had "numerous unlisted enemies" at MCSP and would have to request ASU placement upon arrival, but to no avail. Id. at ¶ 16.

On February 7, 2016, plaintiff submitted inmate appeal SVSP-16-00903 raising his enemy concerns at MCSP, and requesting referral to the Department Review Board (DRB) for consideration of difficult-to-place status and placement at a Difficult to Place Unit (DPU). He asked that the appeal be filed as an "Emergency" and described it as "Transfer Appeal - Enemy Concerns." Voong Decl. (ECF No. 42) Ex. B at 3. The appeal was rejected by Defendant SVSP Appeals Coordinator V. Lomeli two days later on grounds that it concerned "an anticipated action or decision." Id. at 15. But plaintiff resubmitted the appeal and, on February 22, 2016, it was accepted at the first level of review. Id. at 3.

On February 25, 2016, plaintiff was transferred to MCSP. Two days later, he identified several inmates who were involved in assaulting him in May 2015

4

at MCSP, and MCSP officials "placed [him] once again into ASU for safety concerns." SAC ¶ 24.

On March 17, 2016, plaintiff received a first level response to the appeal he had resubmitted at SVSP. In it, Aguilera and Defendant SVSP Correctional Administrator R. Parin partially granted the appeal as to plaintiff's request for an expedited transfer, but denied it as to a referral to the DRB for consideration of difficult-to-place status, noting that plaintiff's "housing options remain appropriate, as staff is continuously making every effort to house him [in] an appropriate facility free of enemy concerns." Id. Ex. D at 9-10; Voong Decl. Ex. B at 7-8. Plaintiff appealed to the second level of review and, on May 12, 2016, his appeal again was partially granted as to his request for an expedited transfer, but denied as to a referral to the DRB for consideration of difficult-to-place status, noting that plaintiff's "case has been referred to the Classification Services Unit (CSU) as a Difficult to Place Case." Voong Decl. Ex. B at 9-11. Plaintiff appealed to the third level of review and, on October 17, 2016, his appeal was denied on the grounds that the second level of review "adequately addressed [plaintiff's] issues on appeal." Id. at 1.

**DISCUSSION**

A.   Standard of Review

"The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (citing Woodford v. Ngo, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56. Id. at 1168.

The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. Id. at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. The ultimate burden of proof remains with the defendant, however. Id.

If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. Id. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id.

B. Analysis

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). A prisoner not only must pursue every available step of the prison appeal process but also must adhere to "deadlines and other critical procedural rules" of that process. Id. at 90. "[I]t is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

A prisoner must "exhaust his administrative remedies prior to sending his complaint to the district court." Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (emphasis added). He cannot comply with the PLRA's exhaustion requirement "by exhausting available administrative remedies during the course

6

of the litigation." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2010) (citation omitted). But he may file an amended complaint adding new claims that arose after the initial filing so long as he exhausted administrative remedies as to the new claims before filing the amended complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1006 (9th Cir. 2010). And he may file an amended complaint adding new claims that arose before the initial filing so long as he exhausted administrative remedies as to the new claims before filing the amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).

The California Department of Corrections and Rehabilitation (CDCR) provides any inmate or parolee under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). CDCR's appeal process consists of three levels of appeal: (1) first level appeal filed with one of the institution's appeal coordinators, (2) second level appeal filed with the institution head or designee, and (3) third level appeal filed with the CDCR director or designee. Id. §§ 3084.7, 3084.8. A prisoner exhausts CDCR's appeal process by obtaining a decision at each level. Id. § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010). A "cancellation or rejection" of an appeal does not exhaust administrative remedies." Cal. Code Regs. tit. 15, § 3084.1(b).

Defendants properly raise failure to exhaust in a Rule 56 motion for summary judgment and argue that plaintiff failed to properly exhaust available administrative remedies as to his Eighth Amendment damages claims against them before filing suit. Defendants specifically argue that plaintiff was required to exhaust available administrative remedies as to all of his Eighth Amendment

7

claims against them before May 15, 2016, the date on which he handed the SAC to prison officials for mailing to the court, see ECF No. 14-1 at 3, but failed to do so. The court agrees.

The record shows that plaintiff submitted inmate appeal SVSP-16-00903 raising his enemy concerns at MCSP, and requesting referral to the DRB for consideration of difficult-to-place status, on February 7, 2016. Voong Decl. Ex. B at 3. He also asked that it be filed as an "Emergency." Id. The appeal was rejected by Defendant Lomeli two days later on grounds that it concerned "an anticipated action or decision." Id. at 15. But plaintiff resubmitted the appeal, and it was partially granted at the first level of review – the portion of the appeal requesting an expedited transfer was granted, and the remainder of the appeal was denied. Id. at 3, 7-8. Plaintiff appealed to the second level of review, and again the portion of the appeal requesting an expedited transfer was granted and the remainder of the appeal was denied. Id. at 4, 9-11. Plaintiff then appealed to the third and final level of review, which denied his appeal on October 17, 2016. Id. at 1-2. Plaintiff therefore exhausted inmate appeal SVSP-16-00903 more than five months after he handed the SAC to prison officials for mailing to the court on May 15, 2016. But in order to comply with the PLRA's exhaustion requirement, he had to exhaust available administrative remedies as to all of his claims against defendants before he handed the SAC to prison officials for mailing to the court. See Cano, 739 F.3d at 1220; Rhodes, 621 F.3d at 1006; Vaden, 449 F.3d at 1050-51. It matters not that he fully exhausted available administrative remedies months later during the course of this litigation. See Akhta, 698 F.3d at 1210; see also Vaden, 449 F.3d at 1051 (where administrative remedies not exhausted before prisoner sends complaint to court, complaint should be dismissed for failure to properly exhaust even if exhaustion is

completed by time complaint is actually filed).

In response to defendants' showing that there was an available administrative remedy that plaintiff failed to exhaust before sending the SAC to the court, plaintiff argues that defendants made that remedy effectively unavailable to him by "ignor[ing] his request for emergency processing and violat[ing] policy time limits." Opp'n (ECF No. 49) at 10. According to plaintiff, defendants improperly screened/treated plaintiff's "emergency" appeal as non-emergency appeal, and thereby made the emergency appeal process (with shorter response time limits) unavailable to him.

Under the law of the circuit, evidence of actions by prison officials preventing proper exhaustion meet plaintiff's burden of production under Albino because, if true, such actions would make administrative remedies effectively unavailable. See Williams v. Parmo, 775 F.3d 1182, 1191-92 (9th Cir. 2015). So would improper screening of a prisoner's administrative appeal. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). But to fall within this exception, the prisoner must show "that he attempted to exhaust his administrative remedies but was thwarted by improper screening." Id. Plaintiff does not. The undisputed evidence in the record shows that neither the initial rejection of his appeal, nor the subsequent acceptance and treatment of it as a non-emergency appeal, "thwarted" plaintiff's ability or attempts to exhaust. Plaintiff promptly resubmitted the appeal for reconsideration, and proceeded to exhaust it fully through the third and final level of review.

Plaintiff insists that his appeal should have been processed as an emergency appeal, as he requested, but "it is the appeals coordinator and not the inmate who determines whether an appeal is classified as an emergency or a non-emergency appeal." Donte v. Swingle, No. 2:10-cv-0299 KJM JFM (PC), 2011

9

WL 976613, at *5 (E.D. Cal. Mar. 16, 2011) (citing relevant regulations). And even if the appeals coordinator here should have determined that plaintiff's appeal was an emergency rather than a non-emergency appeal, this did not prevent or thwart plaintiff from properly exhausting available administrative remedies through the third and final level of review. See Sapp, 623 F.3d at 823. Nor did having to exhaust his Eighth Amendment damages claims via the lengthier non-emergency appeal process prevent or thwart plaintiff from properly exhausting available administrative remedies. See id.[2]

But unfortunately for plaintiff, he handed the operative SAC to prison officials for mailing to the court more than five months before he properly exhausted available administrative remedies on May 17, 2016, and it is well established that under these circumstances "the district court must dismiss his suit without prejudice." Vaden, 449 F.3d at 1051 (citation omitted).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (ECF No. 39) on grounds of failure to properly exhaust before filing suit is GRANTED, and plaintiff's Eighth Amendment claims for damages against defendants are DISMISSED without prejudice.

SO ORDERED.

DATED: May 22, 2017

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Hicks, M.16-0738.msj.exh.wpd

---

[2] The Ninth Circuit recently recognized that if prison officials fail to respond to a grievance within a reasonable time, the prisoner may be deemed to have exhausted available administrative remedies. See Andres v. Marshall, No. 15-56057, slip op. at 6 (9th Cir. Apr. 21, 2017) (prisoner filed grievance in January 2013 and prison officials had not responded by December 2014, when prisoner filed his federal action). But plaintiff experienced no such unreasonable delay. The appeal he initiated on February 7, 2016 was fully exhausted through all three levels of review by October 17, 2016.

10